IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:07-CR-03 |
| | ) | (Varlan / Guyton) |
| ERIC DEWAYNE BOYD, | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This matter is before the Court for consideration of Defendant's Motion In Limine [Doc. 74], filed on September 10, 2007. The defendant also filed a Supplement [Doc. 78] to the Motion In Limine on September 11, 2007. The government filed a Response [Doc. 80] on September 11, 2007.

The Court conducted a non-evidentiary hearing to allow oral argument on September 12, 2007. AUSA David Jennings and Tracy Stone were present for the government. Attorney Richard Gaines was present for the defendant Eric Boyd ("Boyd") who also was present.

The defendant requests that the Court issue an Order in limine that all evidence relating to the following be excluded from the trial of this case:

> Any testimony regarding any out-of-court statements made by Lemarcus Davidson to Eric Boyd, including any statements made by Lemarcus Davidson and told to the police by Eric Boyd, specifically, but not limited to, those contained in Boyd's statement on January 11, 2007.

The Court has reviewed a sealed copy of the transcript of Boyd's interview given to law enforcement officers on January 11, 2007, ("the Boyd Statement"). On that copy of the Boyd Statement, the defendant underlined those portions which the defendant asserts are objectionable.

The defendant is charged with (1) accessory after the fact to carjacking resulting in death and serious bodily injury to another, and (2) misprison of felony. He asserts that the United States is required to prove the underlying crime of carjacking, with death as a result, and is required to prove that Lemarcus Davidson ("Davidson") was a principal in those crimes, in order to prosecute Boyd. In addition, the United States is required to prove that Boyd had knowledge of the underlying crime of carjacking with death as a result, and of Davidson's role as a principal in the underlying crime.

The defendant argues that any statements he made to the police regarding what Davidson told him about the underlying carjacking and murder are inadmissible hearsay. The defendant further argues that even if parts of the Boyd Statement are admissible, those parts are so intertwined with the inadmissible hearsay that none of the statement should be allowed it to come into evidence. Finally, the defendant argues that allowing the Boyd Statement into evidence would be unfairly prejudicial to him, since there is no evidence that the statements Davidson made to Boyd were true or reliable.

The defendant also asserts that Davidson, currently facing state charges of murder, carjacking and rape, will refuse to testify at Boyd's trial. Therefore, Boyd argues, Davidson's unavailability makes the admission of Boyd's statement a violation of Boyd's right under the Confrontation Clause of the Sixth Amendment, United States Constitution, citing Crawford v. Washington, 541 U.S. 36 (2004) and Bruton v. United States, 391 U.S. 123 (1968).

In response, the government agrees that in order to prove the defendant guilty of being an accessory after the fact to carjacking resulting in serious bodily injury and death, it must prove that Davidson committed the carjacking, that at least one of the victims suffered serious bodily injury and death, and that Boyd had knowledge of those facts when he rendered assistance in helping Davidson avoid arrest. The government also concedes that Davidson's statements to Boyd, as related to law enforcement by the defendant in the Boyd Statement, cannot be offered for their truth.

The government argues, however, that Davidson's statements to the defendant are not hearsay, and therefore, they are admissible. Davidson's statements do not constitute hearsay, according to the government, because they are not being offered for the truth of the matter asserted. The government asserts that Davidson's statements to Boyd will be used solely to prove Boyd's knowledge and his state of mind at the time he rendered assistance to Davidson. In other words, regardless of whether Davidson's statements were actually true, the defendant believed them to be true, and he acted accordingly. It is the effect which Davidson's statements had on the defendant, the government argues, that is relevant, citing United States v. Horton, 847 F.2d 313, 324 (6th Cir. 1988) (a statement is admissible when it is not offered to prove the truth of the matter asserted, but is offered to show its effect on the hearer).

In reply, the defendant argues that if the Boyd Statement were allowed to be introduced only to show knowledge on Boyd's part, it would be impossible for the jury to separate the use of the statement to show knowledge from the use of the statement to prove the truth surrounding the underlying crimes. Boyd claims that this would result in unfair prejudice to him, since the United States must prove both the knowledge of Boyd and the commission of the underlying crimes by Davidson.

With regard to the defendant's position that even if Davidson's statements to Boyd were admitted as non-hearsay on the issue of Boyd's knowledge, the jury would be incapable of accepting it for that purpose only, the government argues that the Court routinely deals with such a situation. The government asserts that a standard limiting instruction regarding the nature and use of the Boyd Statement can be easily understood by the jury.

As for the defendant's confrontation clause argument, the government states that because Davidson's statements to the defendant are not hearsay, the confrontation clause is not implicated. See Crawford v. Washington, 541 U.S. 36, 59, n. 9 (2004) (citing Tennessee v. Street, 471 U.S. 409, 413-14 (1985) (when an out-of-court statement is not offered to prove the truth of the matter, the Confrontation Clause is not implicated); United States v. Williams, 952 F.2d 1504, 1518 (6th Cir. 1991)). Here, the government argues, the statements are not being offered for the truth of the matters asserted.

As for any Bruton issue, the government argues that the Boyd Statement is a video-taped interview of the defendant, not a video-taped interview of a co-defendant. In addition to this being a matter of non-hearsay, the declarant is the defendant, not a co-defendant. Therefore, the government argues, there is no Bruton issue.

Hearsay is defined as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Fed. R. Evid. 801(c). Relevant, non-hearsay evidence is admissible. Fed. R. Evid. 401 and 402.

The Court finds that the government can offer into evidence the out of court statements made by Davidson to Boyd, including but not limited to the Boyd Statement, for a

relevant, non-hearsay purpose. That specific, non-hearsay purpose is to show Boyd's knowledge of the criminal actions of Davidson, as communicated to Boyd by Davidson.

The members of the jury can be instructed on the limited use they can make of the statements in issue, that is, only to show notice and knowledge on the part of Boyd, not to provide the truth of the matter asserted by Davidson - that he did commit crimes. Moreover, the District Judge, in his sound discretion, may choose to take additional steps to avoid any possible jury confusion, for example, giving the limiting instruction before the jury hears the Boyd Statement. Accordingly, there is no basis on which to find jury confusion as a ground for sustaining the Motion In Limine.

The Court notes that the defendant has stated in his motion, and during oral argument, that there is no case law on point with regard to the issue before the Court. Defendant suggests that his motion raises a question of first impression in the Sixth Circuit [Doc. 74, n.2]. The Court also has not found case law on point involving a charge of aiding and abetting after the fact.

The Court further finds that there are no confrontation clause issues under Crawford or Bruton. The statements in issue will be offered for a non-hearsay purpose, and the declarant is the defendant, not a co-defendant or a third party.

Finally, there is no issue of unfair prejudice. The evidence is relevant. The government must prove the commission of the underlying crimes by Davidson in order to prove its case of aiding and abetting against Boyd. The defendant concedes as much. Of course, the underlying crimes are horrific. But it is not unusual for a crime of violence to include disturbing, even shocking, conduct by the perpetrator. However, the facts are what they are, and the presentation of the facts is not unfair to the defendant Boyd, given the charges against him.

5

Wherefore, the Court finds that the defendant's Motion In Limine [Doc. 74] is not well-taken, and it is **DENIED**.

**IT IS SO ORDERED.**

ENTER:

  s/ H. Bruce Guyton  
United States Magistrate Judge