UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No: 3:07-CR-003 |
| | ) | (VARLAN/GUYTON) |
| ERIC DEWAYNE BOYD, a/k/a "E", | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the undersigned pursuant to 28 U.S.C. § 636(b), the Rules of this Court, and by Order [Doc. 112] of the Honorable Thomas A. Varlan, United States District Judge, for disposition of Defendant Eric Dewayne Boyd's Motion for a Bill of Particulars [Doc. 109], filed November 13, 2007. The pending motion is addressed herein, a hearing being unnecessary for its disposition.

Defendant Boyd moves [Doc. 109] the Court to direct the government to file of Bill of Particulars and to specify therein, with respect to Count One of the Second Superseding Indictment:

> (1) The specific overt acts performed in furtherance of the alleged violation and concerning which the government intends to offer proof; and
> (2) state which audio recorded telephone conversation(s) the government intends on using at trial.

Defendant argues that these requests are reasonable and necessary in order to enable him to effectively prepare to defend the charges against him and to minimize the possibility of surprise at trial.

The government opposes [Doc. 113] Defendant's motion, arguing the Second Superseding Indictment [Doc. 106] fully notifies Defendant of the matters against which he should prepare to defend. The government further argues that Defendant is improperly seeking to discover evidentiary details and legal theories that the government intends to rely on at trial.

Count One of the Second Superseding Indictment alleges as follows:

> ...on or about January 10, 2007, through on or about January 11, 2007, in the Eastern District of Tennessee, Defendant Eric Dewayne Boyd, ... knowing that an offense against the United States has been committed, that is, a carjacking which resulted in death and serious bodily injury to another person, in violation of Title 18, United States Code, Section 2119, did receive, relieve, comfort and assist one of the offenders, Lemaricus Devall Davidson, ... in order to hinder and prevent the offender's apprehension, trial and punishment, all in violation of Title 18, United States Code, Section 3.

Count Two of the Second Superseding Indictment alleges as follows:

> ...on or about January 10, 2007, through on or about January 11, 2007, in the Eastern District of Tennessee, Defendant Eric Dewayne Boyd, ... having knowledge of the actual commission of a felony cognizable by a court of the United States, that is, a carjacking which resulted in death and serious bodily injury to another person, in violation of Title 18, United States Code, Section 2119, did conceal the same, and did not as soon as possible make known the same to some judge or other person in civil or military authority under the United States, all in violation of Title 18, United States Code, Section 4.

Federal Rule of Criminal Procedure 7(f) states:

> The court may direct the government to file a bill of particulars. The defendant may move for a bill of particulars before or within 10 days after arraignment or at a later time if the court permits. The government may amend a bill of particulars subject to such conditions as justice requires.

Fed.R.Crim.P. 7(f). "A bill of particulars is meant to be used as a tool to minimize surprise and

assist defendant in obtaining the information needed to prepare a defense and to preclude a second prosecution for the same crimes. It is not meant as a tool for the defense to obtain disclosure of all evidence held by the government before trial." United States v. Salisbury, 983 F.2d 1369, 1375 (6th Cir. 1993) (citations omitted). The granting of a bill of particulars is within the court's discretion. See id. (holding that the appellate court reviews the denial of a bill of particulars for an abuse of discretion). The level of detail in the indictment can be a basis for denying the motion for a bill of particulars. Id.

The Court further observes that "a defendant is not entitled to discover all the overt acts that might be proven at trial." Id. With regard to Court One, Defendant seeks to know the specific overt acts he performed in furtherance of the alleged violation. Accordingly, in light of Sixth Circuit jurisprudence, the Court finds that the government is not required to divulge the details of such acts which Defendant seeks through a bill of particulars. As to the remainder of Defendant's motion, requesting which audio recorded telephone conversation(s) will be used by the government at trial, the Court notes that a bill of particulars may not be used by a Defendant to obtain detailed disclosure of all evidence held by the government before trial. United States v. Phibbs, 999 F.2d 1053, 1086 (6th Cir. 1993). In other words, a bill of particulars is not to be used as a general discovery device. United States v. Hayes, 884 F.2d 1393, 1898 WL 105937 *4 (6th Cir. Sept. 14, 1989).

Finally, the Court has reviewed the Second Superceding Indictment and finds it sufficiently sets forth in detailed and specific language the nature of Defendant's conduct which the government alleges violates the charged statute. Specifically, the Court finds that Counts One and Two as stated sufficiently apprise Defendant of the charges he is facing in order to permit him to prepare his defense, to avoid surprise at trial, and to protect against a double jeopardy violation.

For the forgoing reasons, Defendant Boyd's Motion for a Bill of Particulars **[Doc. 109]** is **DENIED**.

**IT IS SO ORDERED.**

                   **ENTER:**

                   <u> s/ H. Bruce Guyton </u>
                   United States Magistrate Judge