UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No: 3:07-CR-003 |
| | ) | (VARLAN/GUYTON) |
| ERIC DEWAYNE BOYD, a/k/a "E", | ) | |
| Defendant. | ) | |

### **MEMORANDUM AND ORDER**

This matter is before the undersigned pursuant to 28 U.S.C. § 636(b), the Rules of this Court, and by Order [Doc. 112] of the Honorable Thomas A. Varlan, United States District Judge, for disposition of defendant Eric Dewayne Boyd's Motion for Change of Venue, or in the alternative, Motion to Bring in an Outside Jury Due to Prejudicial Publicity [Doc. 110], filed November 13, 2007. The government has filed a Memorandum in Opposition [Doc. 114]. The parties came before the Court on November 29, 2007 for a hearing on the above motion. Assistant United States Attorney Tracy Stone ("AUSA Stone") appeared on behalf of the government. Attorney Philip Lomonaco ("Attorney Lomonaco") appeared on behalf of the defendant Eric Boyd ("Boyd"), who was also present.

Defendant Boyd seeks the transfer of the trial in this matter to the Western District of Tennessee, Western Division, pursuant to Rule 18 and Rule 21(a) and (b) of the Federal Rules of Criminal Procedure, or in the alternative, to bring in a jury from another District in Tennessee. Defendant contends that if his trial is held within this district, it will be severely prejudicial to him and deny him his constitutionally protected right to a fair trial by an impartial jury. The government,

in response, argues that defendant's motion should be denied because, despite pretrial publicity, defendant has not demonstrated a presumption of prejudice.

During the November 29, 2007 hearing, the defendant introduced: 118 television or newspaper articles (Ex. 1); a DVD containing two video news reports aired by a Knoxville television station on January 16, 2007 (Ex. 6); a DVD containing 24 videos found on the YouTube internet website (Ex. 4); and documents reflecting the results of "Google" searches for the search term "Channon Christian" (showing 76,500 results) and the search term "Channon Christian" and "mutilation" (showing 913 results) (Exs. 7 and 8). These exhibits were introduced through the testimony of attorneys Katherine Harp ("Harp") and John Stanford Young, III ("Young"), both of whom have worked on the representation of the defendant in this case.

Harp testified that the documentation of newspaper and television reports (Ex.1) was downloaded from the internet, and that most of them were from local news outlets. She also testified that these local news internet sites contained comments, or posts, from readers, or viewers, stating opinions and reactions to the news.

Young testified that he found more than 24 videos on YouTube concerning the case of Channon Christian ("Christian") and Christopher Newsom ("Newsom"), and therefore, the DVD offered into evidence (Ex. 4) does not contain all of those videos. However, Young testified that the 24 videos on the DVD, (Ex. 4), are still on YouTube for viewing. On cross-examination, Young testified that he is not aware of any way to determine how many people in the Eastern District of Tennessee actually have viewed any particular video on YouTube. He also testified that anyone, located anywhere on Earth, with access to a computer and the internet, could create a video about Christian and Newsom, or the prosecutions arising from their deaths, and put it on YouTube.

The government introduced a map of the Northern Division of the Eastern District of Tennessee, based in Knoxville (Ex. 9). This map shows that potential jurors for the trial of this case will be drawn from an area of fourteen counties: Scott, Campbell, Claiborne, Union, Grainger, Morgan, Anderson, Knox, Jefferson, Roane, Loudon, Blount, Sevier and Monroe.

In support of his motion, the defendant argued two main points. First, the defendant contends that there has been so much local interest in the case, that it is reasonable to assume that potential jurors are going to the internet for more information. Once on the internet, using search engines like Google, potential jurors are bound to see all nature of prejudicial videos and other matters. The defendant pointed to several videos on YouTube, contained in Ex. 4, about two "rallies" held earlier in 2007 in downtown Knoxville, at which a group of "white supremacists" claiming that the murders of Christian and Newsom were evidence of black on white hate crimes, engaged in verbal confrontation with a group of counter-protestors. The defendant characterized these rallies as creating a pervasive, circus-like and prejudicial atmosphere in this case.

The defendant's second argument is that potential jurors, when they think of this case, will naturally think of the murders of Newsom and Christian, and then associate those murders with Boyd, even though he is not charged with murder. Therefore, Boyd asserts that the emotion generated by the state court proceedings, currently not scheduled for trial until after the trial of his case, will cause prejudice to him. The defendant asks the Court to conduct the trial of this case in the Western District of Tennessee (Memphis or Jackson), or in the alternative, bring jurors from another part of the state to Knoxville for the trial.

The government argues that the Court should not change the venue of this case, because there has been no showing of presumptive prejudice based on pretrial publicity. Moreover, the

government urges the Court to conduct a jury voir dire and make an attempt to empanel a jury before consideration is given to moving the venue.

**I.      APPLICABLE LAW**

The Sixth Amendment guarantees a defendant the right to a trial by an impartial jury. U.S. Const., amend. VI. This fair-trial right is effectuated by impaneling a jury of impartial, "indifferent" jurors who render a verdict based on evidence adduced at trial. Irvin v. Dowd, 366 U.S. 717, 722 (1961). Thus, if pretrial publicity jeopardizes a defendant's right to a fair trial by an impartial jury, the trial court should grant the defendant a change in venue. Id. at 722-24.

Prejudice resulting from pretrial publicity can be presumptive or actual. Nevers v. Killinger, 169 F.3d 352, 362 (6th Cir. 1999), abrogated on other grounds by Harris v. Stovall, 212 F.3d 940, 942-43 (6th Cir. 2000). Presumptive prejudice from pretrial publicity occurs where an inflammatory, circus-like atmosphere pervades both the courthouse and the surrounding community. Ritchie v. Rogers, 313 F.3d 948, 956 (6th Cir. 2002). Prejudice from pretrial publicity is rarely presumed. DeLisle v. Rivers, 161 F.3d 370, 382 (6th Cir. 1998). However, a court will presume prejudice if defendant can show that his case falls within a narrow category of cases where the influence of the news media is such as to have created an inherently prejudicial environment. See Murphy v. Florida, 421 U.S. 794, 798-99 (1975) (Prejudice is presumed where a "trial atmosphere ... utterly corrupted by press coverage ... has pervaded the proceedings.").

Where pretrial publicity cannot be presumed prejudicial, the trial court must then determine whether the publicity rises to the level of actual prejudice. Ritchie, 313 F.3d at 962. In the Sixth Circuit, the primary tool for discerning actual prejudice is a searching voir dire of prospective jurors. Id. According to the Sixth Circuit, "[t]he court must review the media coverage and the substance

4

of the jurors' statements at voir dire to determine whether a community-wide sentiment exists against the defendant." Foley v. Parker, 488 F.3d 377, 387 (6th Cir. 2007).

Furthermore, negative media coverage by itself is insufficient to establish actual prejudice, and the existence of a juror's preconceived notion as to the guilt or innocence of the defendant, without more, is not sufficient to rebut the presumption of impartiality. Nevers, 169 F.3d at 366-67. "[M]ere prior knowledge of the existence of the case, or familiarity with the issues involved, or even some preexisting opinion as to the merits, does not in and of itself raise a presumption of jury taint." DeLisle, 161 F.3d at 382. The prospective juror must be able to lay aside his or her impressions or opinions and render a verdict based upon the evidence presented in court. Irvin, 366 U.S. at 723; Ritchie, 313 F.3d at 962. With this framework in mind, the Court will address defendant's motion.

## II. ANALYSIS

### A. Presumed Prejudice

In the Sixth Circuit, a "juror's exposure to news accounts about the crime charged, standing alone, does not presumptively establish that the defendant was denied a fair trial." United States v. Goins, 146 Fed.Appx. 41, *47, 2005 WL 2001932, **5 (6th Cir. Aug. 19, 2005) (citations omitted). However, the Sixth Circuit recognizes "the exception to this rule is the principle the Supreme Court announced in Rideau v. Louisiana, 373 U.S. 732 (1963)." Goins, 146 Fed.Appx. at *47. In Rideau, the Supreme Court held that "prejudice to the defendant must be presumed because the community had been 'repeatedly' and 'pervasively' exposed 'to the spectacle of Rideau personally confessing in detail to the crimes with which he was later to be charged.'" Id. (citations omitted). Thus, the Sixth Circuit has observed that "[t]wo factors were critical in Rideau [:] first, the pervasive quantity of publicity and, second, the inherent prejudice in a confession." Id. (citations omitted).

5

The Court has reviewed all of the exhibits which were introduced at the hearing of this motion. Neither of the two critical <u>Rideau</u> factors are present here. First, the level of pretrial publicity in this case has not reached the level of pervasiveness that concerned the Supreme Court in <u>Rideau</u>. In fact, several of the YouTube videos on Ex. 4 actually contain complaints about the *lack* of publicity being given to the Christian and Newsom murders, and particularly the alleged failure or refusal of "the media" to report the more heinous and inflammatory details of the crimes. The Court can not find that the level of negative pretrial publicity has affected the entire potential jury pool for the Knoxville Division from Knox and surrounding counties. Second, defendant Boyd did not confess on camera in a recording that was later broadcast to two-thirds of the relevant population. <u>Compare</u> <u>Rideau</u>, 373 U.S. at 724-26. In short, the pretrial publicity in this case does not create a presumption of prejudice. Accordingly, the general rule regarding change of venue applies, and this Court must look to whether or not defendant Boyd has suffered actual prejudice.

**B.    Actual Prejudice**

In light of the Sixth Circuit's instruction that the "merit of a change of venue motion is most likely to be revealed at the voir dire of the potential jurors," <u>United States v. Johnson</u>, 584 F.2d 148, 154 (6th Cir. 1978), this Court finds defendant's motion for change of venue to be premature. It is the preference of the Sixth Circuit to properly question potential jurors to determine the extent of the "veniremen's exposure to the publicity and the effect it has had upon them." <u>Id.</u> For this reason, District Judge Thomas Varlan, on September 14, 2007, ruled that the Court would conduct individual voir dire of potential jurors in this case as warranted [Doc. 89: Granting the defendant's Motion for individual voir dire, but denying the defendant's request to call prospective jurors into court one at a time for questioning].

Therefore, this Court is unable, at this time, to determine the actual prejudice resulting from pretrial publicity towards defendant Boyd and accordingly, must deny his motion for a change in venue, or in the alternative, to bring in an outside jury due to pretrial publicity.

## III. CONCLUSION

For the forgoing reasons, defendant Boyd's Motion for Change of Venue, or in the alternative, Motion to Bring In an Outside Jury Due to Prejudicial Publicity **[Doc. 110]** is **DENIED**. Should individual voir dire of prospective jurors at defendant's trial reveal actual prejudice, defendant may, at the appropriate time, bring a renewed motion for change of venue with the District Court.

**IT IS SO ORDERED**.

ENTER:

s/ H. Bruce Guyton
United States Magistrate Judge