IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 3:07-CR-03 |
| V. | ) | (VARLAN/GUYTON) |
| | ) | |
| ERIC DEWAYNE BOYD, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This case is before the undersigned on defendant Boyd's Motion to Declare Case Complex/Extended [Doc. 124] by the Order [Doc. 125] of the Honorable Thomas A. Varlan, United States District Judge, for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. Defendant Boyd's counsel, Attorney A. Phillip Lomonaco ("Attorney Lomonaco"), who was appointed [Doc. 104] pursuant to the Criminal Justice Act, 18 U.S.C. § 3006A, has moved, by way of motion, for a waiver of the case compensation maximum limit of $7,000 per felony case per defendant.

In his motion, Attorney Lomonaco asserts that as counsel, he has participated in a considerable amount of pretrial activity in his preparations for trial. He further states that he is not only investigating the allegations and charges against his client, but also must investigate the crimes committed against Christopher Newsom and Channon Christian, crimes the defendant is not charged with committing. Attorney Lomonaco also contends the discovery material provided by the government is extensive, lengthy, and has taken a great deal of time to review. He also anticipates additional information will be forthcoming from the government as the parties prepare for trial. For

these reasons, Attorney Lomonaco contends that this case is complex and extended and requests that the maximum payment under the Criminal Justice Act be extended so that he may be compensated for his participation in this case.

Payment in excess of the $7,000 limit may be allowed if the court certifies that the amount of the excess payment is necessary to provide fair compensation and the payment is approved by the chief judge of the circuit. 18 U.S.C. § 3006A(d)(3). The following regulation is pertinent to the question of whether or not the $7,000 maximum on compensation should be waived:

> Payments in excess of CJA compensation maximums may be made to provide fair compensation in cases involving extended or complex representation when so certified by the court or magistrate and approved by the chief judge of the circuit (or by an active circuit judge to whom excess compensation approval authority has been delegated).
>
> In determining if an excess payment is warranted, the court or magistrate and the chief judge of the circuit (or an active circuit judge to whom excess compensation approval authority has been delegated) should make a threshold determination as to whether the case is either extended or complex. If the legal or factual issues in a case are unusual, thus requiring the expenditure of more time, skill and effort by the lawyer than would normally be required in an average case, the case is "complex." If more time is reasonably required for total processing than the average case, including pre-trial and post-trial hearings, the case is "extended."
>
> After establishing that a case is extended or complex, the approving judicial officer should determine if excess payment is necessary to provide fair compensation. The following criteria, among others, may be useful in this regard: responsibilities involved measured by the magnitude and importance of the case; manner in which duties were performed; knowledge, skill, efficiency, professionalism, and judgment required of and used by counsel; nature of counsel's practice and injury thereto; any extraordinary pressure of time or other factors under which services were rendered; and any other circumstances relevant and material to a determination of a fair and reasonable fee.

*Appointment of Counsel in Criminal Cases*, Volume VII, *Guide to Judiciary Policies and Procedure*, Chapter II, Part C, § 2.22(b)(3) (hereinafter *Guide to Judiciary Policies and Procedures*). Case compensation limits apply only to attorney fees. There is no limit on the

2

presiding judge's authority to reimburse <u>expenses</u> of counsel except as to compensation for investigators and other experts. 18 U.S.C. § 3006A(e); *Guide to Judiciary Policies and Procedures*, Ch. II, § 2.22B(1)(I).

The Court finds that in the present case, the Second Superseding Indictment charges defendant with assisting an offender of a carjacking, which resulted in death and serious bodily injury to another person, in order to prevent that offender's apprehension, trial, and punishment, as well as concealing his knowledge about the carjacking from the authorities [Doc. 106]. The activity charged in the indictment involves investigations by multiple state and federal law enforcement agencies, and as a result of those investigations, involves voluminous discovery. The Court also notes that this case is inextricably linked to proceedings in Knox County Criminal Court, which will likely not begin trial until after the completion of this trial, further complicating trial preparations for both the government and the defense.

Because of the nature of the charge, the extensive discovery and investigation required, and the connection to criminal proceedings in state court, it is this Court's opinion that this case meets the definition of "complex" in that the legal or factual issues have required the expenditure of more time, skill and effort by counsel than would normally be required in an average case and that the case is "extended" as it has required more time than usual for total processing. The Court finds that in light of the case being complex and extended, excess payment may well be necessary to provide

fair compensation to counsel. Of course, the actual voucher will be scrutinized by the Court and a determination will be made of whether a fair and reasonable fee is claimed.

Accordingly, defendant's Motion to Declare Case Complex/Extended **[Doc. 124]** is **GRANTED**.

**IT IS SO ORDERED.**

ENTER:

      s/ H. Bruce Guyton      
United States Magistrate Judge