UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) ) | |
| v. | ) ) | No.: 3:07-CR-03 (VARLAN/GUYTON) |
| ERIC DEWAYNE BOYD, a/k/a "E" | ) ) ) | |
| Defendant. | ) ) | |

## **MEMORANDUM & ORDER**

This criminal case was before the Court on April 4, 2008, for a final pretrial conference. The Court heard the arguments of counsel on several pending pretrial motions and issued oral rulings on those motions at the hearing. Defendant's Motion for Individual Voir Dire Out of the Presence of Other Jurors [Doc. 129] requests permission for his counsel to undertake individual voir dire of prospective members of the jury outside the presence or hearing of other members of the jury panel. The Government responds [Doc. 135] that it has no objection to whatever means the Court deems appropriate to ensure that the jury panel is not tainted, including conducting individual voir dire. The Court orally GRANTED in part and DENIED in part defendant's motion[1] and further explains its ruling as follows:

The Federal Rules of Criminal Procedure provide general guidance as to the examination of jurors. Rule 24(a) provides that "the court may examine prospective jurors

---

[1]The Court incorporates by reference its discussion of Defendant's motion regarding voir dire, related procedure, and relevant matters into this written order.

or may permit the attorneys for the parties to do so." Fed. R. Crim. Proc. 24(a)(1). Rule 24 further provides that "[i]f the court examines the jurors, it must permit the attorneys for the parties to: (A) ask further questions that the court considers proper; or (B) submit further questions that the court may ask if it considers them proper." *Id.* The Sixth Circuit has recognized that Rule 24(a) "gives the court very broad discretion on the conduct of the voir dire examination of prospective jurors." *United States v. Schmucker*, 815 F.2d 413, 421 (6th Cir. 1987) (citation omitted).

With this underlying framework in place, the Supreme Court has recognized the balance between protecting a defendant's constitutional rights and the trial court's broad discretion in conducting voir dire. *See Rosales-Lopez v. United States*, 457 U.S. 182, 188-89 (1981) (discussing how voir dire plays a critical function in assuring that a criminal defendant's Sixth Amendment right to an impartial jury be honored though federal judges are accorded ample discretion in determining how best to conduct voir dire). For instance, regarding the subject of racial prejudice or animus, the Supreme Court concluded that the possibility of racial prejudice in cases involving interracial violent crime required inquiry during voir dire. *Id.* at 192. Nevertheless, trial courts maintain "wide discretion . . . in conducting voir dire in the area of pretrial publicity and in other areas of inquiry that might tend to show juror bias." *Mu'Min v. Virginia*, 500 U.S. 415, 427 (1991). In other words, areas of potential juror prejudice must be "covered" in the course of examination of potential jurors, but the Supreme Court has not specified the "particulars by which this could be done." *Id.* at 431.

In the present case, the Court finds that Defendant's request for permission to conduct individual voir dire of prospective members of the jury outside the presence or hearing of other members of the jury panel may be appropriate depending on how potential jurors respond to the Court's preliminary questioning about subjects like pre-trial publicity and possible racial prejudice or animus. The Court recognizes that voir dire's "essential function . . . is to allow for the impaneling of a fair and impartial jury," and individual voir dire may be appropriate to promote "the essential demands of fairness." *United States v. Anderson*, 562 F.2d 394, 397-98 (6th Cir. 1977) (citation omitted). However, individualized voir dire may be not be necessary as to all potential jurors. *See Deel v. Jago*, 967 F.2d 1079, 1086-88 (6th Cir. 1992); *United States v. Guy*, 924 F.2d 702, 707-08 (7th Cir. 1991). Thus, the Court will grant Defendant's motion to the extent that a potential juror's response to the Court's preliminary inquiries indicate that further individual voir dire as to that potential juror is necessary.

Accordingly, Defendant's Motion for Individual Voir Dire Out of the Presence of Other Jurors [Doc. 129] is **GRANTED** in part and **DENIED** in part.

IT IS SO ORDERED.

s/ Thomas A. Varlan  
UNITED STATES DISTRICT JUDGE